**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION**

| | |
|---|---|
| Latoshia Y. Myers,<br><br>    Plaintiff,<br><br>vs.<br><br>Kraft Foods Group, Inc.,<br><br>    Defendant. | Case No:<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

NOW COMES the Plaintiff, who demanding a jury trial of all matters triable to a jury, would allege as follows:

### I.     JURISDICTION AND VENUE

1. This action arises out of the Defendant's deprivation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000(e), et seq., and the statutory and common law of the State of South Carolina.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §1331 and §1343(a)(4). The Plaintiff requests that the Court exercise its pendent jurisdiction over the state court claims in that the state claims involve the same parties and arise from a common nucleus of operative facts.

3. Venue is proper under 28 U.S.C. §1391(b) and 42 U.S.C. §2000(e)-(5)(f)(3). A substantial part of the events or omissions on which the claim is based occurred in the District of South Carolina, Greenwood Division. Plaintiff Latoshia Y. Myers was harassed, exposed to a hostile work environment, and was injured in Newberry County, South Carolina. The Plaintiff requests a jury trial in this action.

## II.  PARTIES

4. The Plaintiff is a resident and citizen of the State of South Carolina. The matters complained of in this Complaint occurred within the State of South Carolina while she was in the employ of the Defendant corporation.

5. Upon information and belief, Defendant Kraft Foods Group, Inc., is a corporation organized and doing business in the United States of America and authorized and domesticated to do business in the State of South Carolina. Defendant owns and operates at least one facility which transacts business within the State of South Carolina, and in particular, within the Greenwood Division of this Court.

6. Defendant Kraft Foods Group, Inc. is a legal entity headquartered in the State of Illinois, and organized under the laws of the State of Virginia. The Defendant corporation is a legal entity that may sue and is subject to suit in its own name. The Defendant corporation has continuously and does now employ more than 15 persons and is engaged in an industry affecting commerce. The Defendant is an employer within the meaning of §701(b) of Title VII, 42 U.S.C. §2000(e)(b).

## III.  PROCEDURE

7. The Plaintiff filed timely charges of sexual harassment with the South Carolina Human Affairs Commission. The South Carolina Human Affairs Commission issued its notice of right to sue on April 22, 2015, entitling Plaintiff to institute a civil action within 120 days from the date of issuance of the notice of right to sue. (See Exhibit A).

8. The Plaintiff filed timely charges of sexual harassment with the U.S. Equal Employment Opportunity Commission. The U.S. Equal Employment Opportunity Commission issued

its notice of right to sue on May 11, 2015, entitling Plaintiff to institute a civil action within 90 days from the date of issuance of the notice of right to sue. (See Exhibit B).

9. This action was commenced within the time period allowed by both notices. A copy of each right to sue letter is attached hereto and incorporated by references as if set forth fully word for word.

### IV.    STATEMENT OF CLAIM

10. The Plaintiff, Latoshia Y. Myers, began employment at Kraft Foods Group, Inc., on or about November 11, 2013 as a deboner.

11. Plaintiff at all times satisfactorily performed the required duties as an employee of Kraft Foods Group, Inc. and performed those duties in a completely professional manner.

12. On or about November 11, 2013 through January 23, 2014, during working hours and on the Defendant's premises, a co-worker named Benjamin Baker made unwelcomed sexual advances, sexually explicit comments, and requested sexual favors as well as other verbal conduct of a sexual nature, all of which were rejected by the Plaintiff.

13. Benjamin Baker made unlawful sexual advances to Plaintiff during working hours. Benjamin Baker, among other things, grabbed and touched Plaintiff's buttocks, and consistently pressured her to have sexual intercourse with him. Plaintiff rebuffed all of Baker's advances and refused to have any consensual sexual contact with Baker whatsoever.

14. Benjamin Baker was promoted to line tech supervisor, the Plaintiff's direct supervisor, in December, 2013.

15. The Plaintiff revealed the nature of the above-mentioned sexual advances to her co-worker(s), specifically Yolanda Lewis, Human Resources Manager for Kraft Foods Group, Inc..

16. Due to fear of Benjamin Baker's above-mentioned actions, on or about January 10, 2014, the Plaintiff notified the Defendant that January 31, 2014 would be her last day of employment.

17. Although the Plaintiff reported the identity of her co-worker as well as his unwelcomed sexual advances to her supervisors, Benjamin Baker was allowed to continue his employment.

18. Benjamin Baker continued to make unwelcomed sexual advances upon the Plaintiff after his actions were reported to the Defendant.

19. At all times Plaintiff clearly rejected Benjamin Baker's advances. Benjamin Baker ignored Plaintiff's objections. The actions of Benjamin Baker were outrageous, intentional, and malicious, and done with reckless disregard of the fact that Benjamin Baker would certainly cause Plaintiff to suffer severe emotional and physical distress

20. Due to fear of Benjamin Baker's unwelcomed sexual advances, sexually explicit comments, and requested sexual favors as well as other verbal conduct of a sexual nature, the Plaintiff terminated her employment early, on or about January 23, 2014.

21. The Plaintiff was constructively discharged by Defendant, or the specific subsidiary, assignee, predecessor or holder of those companies, due to the activities of Benjamin Baker and the Defendant as previously mentioned on or about January 23, 2014.

22. Thereafter, as a result of Plaintiff's fear of Benjamin Baker, she relocated to Florence, South Carolina.

23. During the term of her employment, the Plaintiff was frequently subjected to sexual harassment as a member of a protect group (female) and was subject to unwelcome sexual conduct. The harassment that the Plaintiff complains of was based upon sex, and as a result, the harassment affected the tangible aspects of the Plaintiff's employment. The employer was informed of the harassment and took no effective remedial action.

24. In addition, the Plaintiff was subjected to sexual harassment in that she was forced to work in a hostile and sexually offensive work environment which was created as a result of the conduct and inaction on behalf of the Defendant. The conduct was sufficiently severe or pervasive as to alter the conditions of the Plaintiff's employment and create an abusive work environment.

25. Defendant harassed and ultimately discharged the Plaintiff and caused her to suffer damages, all in violation of Title VII of the 1964 Civil Rights Act, as amended.

26. As a direct and proximate result of the Defendant's conduct, the Plaintiff has suffered and continues to suffer severe emotional distress, psychological injury, mental suffering, and humiliation.

27. Defendant, with malice and reckless indifference to the Plaintiff, intentionally and recklessly inflicted severe emotional distress upon the Plaintiff.

28. The conduct of the Defendant was so extreme and outrageous as to exceed all possible bounds of decency and such conduct was atrocious and utterly intolerable in a civilized community.

29. The emotional distress suffered by the Plaintiff was so severe that no reasonable person could be expected to endure it. The Defendant's conduct toward the Plaintiff set forth herein was calculated to inflict suffering and/or reflects heedless and contemptuous

disregard for Plaintiff's emotional suffering and constitutes a blatant and shocking disregard for Plaintiff's rights.

30. Defendant's conduct was intentional, negligent, grossly negligent, willful, wanton, reckless, extreme, outrageous, and without justification.

31. The actions and conduct of the individual, Benjamin Baker, over the period of time complained was so pervasive and ongoing that the Defendant corporation knew or by the exercise of reasonable diligence should have known of the conduct of the individual, Benjamin Baker.

32. The actions and conduct creating the hostile and sexually offensive work environment was so pervasive and ongoing that the Defendant corporation knew or by the exercise of reasonable diligence should have known of the conduct of the individual, Benjamin Baker.

33. The Plaintiff is informed and believes that the actions and conduct of the Defendant violate the reasonable victim's standard in a person of the same sex as the Plaintiff. That, in addition, the Plaintiff is informed and believes that her reaction was neither idiosyncratic nor hypersensitive in that a reasonable woman would consider the actions and conduct of the Defendant as creating an abusive work environment.

34. That by reason of matter complained of herein, the Plaintiff has suffered mental pain and anguish and otherwise has been damaged as set forth herein. These damages are a direct and proximate result of the acts and omissions of the Defendant, which Plaintiff is informed and believes constitute willful, wanton, and intentional conduct and were with a reckless disregard for the rights of the Plaintiff, such that she is entitled to punitive as

well as actual damages in each of her causes of action in such amount as are proven at trial or otherwise.

## V.   FOR A FIRST CAUSE OF ACTION
(Title VII of the Civil Rights Act of 1964)

35. Plaintiff reiterates each and every relevant allegation stated herein above as if repeated verbatim.

36. Defendant's above-described actions constitute discrimination against the Plaintiff on the basis of her sex (female) and constitutes sexual harassment and discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq.

37. That as a direct and proximate result of the acts and omissions of the Defendant, Plaintiff has been damaged in the particulars set forth herein and is entitled to an award of compensatory and punitive damages, as well as attorney's fees, expert witness fees, and costs as to this cause of action.

## VI.   FOR A SECOND CAUSE OF ACTION
(Intentional Infliction of Emotional Distress and Tort of Outrage)

38. Plaintiff reiterates each and every relevant allegation stated herein above as if repeated verbatim.

39. The Defendant did intentionally or recklessly inflict severe emotional distress upon the Plaintiff or was certain or substantially certain that such distress would result from the conduct being complained of herein. That during the period of time complained of, the individual, Benjamin Baker, was allowed to remain in employment with the Defendant. That in addition, the Defendant subjected Plaintiff to severe emotional distress when they

knew or should have known that the individual, Benjamin Baker, had engaged in a pervasive course of conduct including sexual harassment and intimidation of the Plaintiff at the Plaintiff's place of employment as particularly set forth in this Complaint.

40. The acts and omissions of the Defendant were extreme and outrageous as to exceed all possible bounds of decency and were atrocious and utterly intolerable in a civilized society.

41. The acts of omissions of the Defendant caused Plaintiff severe emotional distress.

42. The emotional distress suffered by the Plaintiff was so severe and extreme that no reasonable person, and in particular no reasonable female person, could be expected to endure it.

43. That as a direct and proximate result of the outrageous conduct and omissions of the Defendant, the Plaintiff suffered damages as more particularly set forth herein and is entitled to an award of compensatory and punitive damages as to this cause of action.

## VII.    FOR A THIRD CAUSE OF ACTION
(Negligence)

44. Plaintiff reiterates each and every allegation stated herein above as if repeated verbatim.

45. The Defendant is liable to the Plaintiff as a result of its gross negligence, recklessness, willfulness, and wantonness in one or more of the following particulars:

   a) The corporate Defendant failed to make periodic and proper investigations and take remedial action as might have been necessary to prevent sexual harassment and similar activities from occurring at the location where the Plaintiff was employed;

b) Employing and continuing to employ the individual, Benjamin Baker, including in a supervisory capacity over Plaintiff, when it knew or should have known of his propensity to improperly handle his duties; and,

c) Employing and continuing to employ the individual, Benjamin Baker, when the corporation was aware that the individual Defendant was informed that Benjamin Baker had the propensity to let his personal sexual desires interfere with the jobs of the employees and subject employees, including the Plaintiff, to sexual harassment; and,

d) In failing to properly supervise their employees, and, in particular, the individual, Benjamin Baker; and,

e) In failing to properly determine and investigate the activities of the individual, Benjamin Baker; and,

f) In failing to implement adequate security or safety measures designed to prevent or substantially reduce the likelihood that the Plaintiff or others similarly situated would be subjected to the sexual harassment, and/or other harassment as more particularly set forth while employed by the corporation; and,

g) In failing to enforce statements prohibiting sexual harassment; and,

h) In failing upon receipt of information to take any disciplinary action against the responsible party and to develop appropriate sanctions for use in the future; and,

i) In failing to train supervisors to recognize, investigate, and properly remedy sexual harassment.

46. That as a direct and proximate result of the corporate Defendant's negligence, gross negligence, willfulness, reckless and wanton acts, the Plaintiff has been damaged and is entitled to an award of actual and punitive damages as to this cause of action.

### VIII.    FOR A FOURTH CAUSE OF ACTION
(Failure to Furnish a Safe Place to Work)

47. Plaintiff reiterates each and every relevant allegation stated herein above as if repeated verbatim.

48. That there existed between the Plaintiff and the corporate Defendant an employee/employer relationship such that Defendant owed to the Plaintiff a duty to provide and furnish a safe place to work.

49. That the corporate Defendant by virtue of its negligence breached its duty to provide and furnish a safe place to work to the Plaintiff.

50. That as a direct and proximate result of the Defendant's breach of duty, the Plaintiff has been damaged as more particularly set forth herein and is entitled to an award of actual and punitive damages as to this cause of action.

### IX.    FOR A FIFTH CAUSE OF ACTION
(Sexual Harassment/Violation of Public Policy)

51. Plaintiff reiterates each and every relevant allegation stated herein above as if repeated verbatim.

52. That the acts of the Defendant are a direct violation of §1-13-20, et seq., of the Code of Laws of South Carolina, 1976, as amended. That in addition, it is a violation of strong public policy of the State of South Carolina which declares the practice of discrimination

against any individual because of sex as a matter of state concern. Such discrimination is in conflict with the ideals of South Carolina and the nation and is degrading to human dignity.

53. That the unwelcome sexual advances, the request for sexual favors and the other verbal and physical conduct of a sexual nature complained of in this complaint, including the polluted atmosphere of the workplace, violated the Plaintiff's rights and gives rise to a cause of action for sexual harassment because of the following particulars:

   a) Benjamin Baker, together with and under the approval and knowledge of the named Defendant, acted to create and maintain a hostile work environment for the Plaintiff because of her gender, by engaging in unwelcomed sexual advances, making sexually explicit comments, and requesting sexual favors as well as other verbal conduct of a sexual nature;

   b) Defendant was put on notice of these activities of unwelcomed sexual advances, sexually explicit comments, and requested sexual favors as well as other verbal conduct of a sexual nature listed here, which are sufficiently similar to the unlisted activities as to give notice as to all activities of a similar nature. Many, if not all of such activities were reported to Yolanda Lewis and Joe Hunter, Plaintiff's supervisors;

   c) The conduct of Defendant had the effect of unreasonably interfering with Plaintiff's work performance and created an intimidating, hostile and offensive work environment;

    d) Plaintiff was constructively discharged by Defendant, or the specific subsidiary, assignee, predecessor or holder of that company, due to the activities of her supervisor(s) and Benjamin Baker as previously mentioned; and,

    e) The effect of the policies and practices pursued by the Defendant as alleged above limited, classified, and discriminated against the Plaintiff in ways which jeopardized her job, deprived her of employment opportunities, and otherwise adversely affected her status as an employee because of her gender.

54. That the violation of §1-13-20, et seq, and/or the actions of the Defendant complained of in this action and/or the violation of the public policy of the State of South Carolina is such so as to create a cause of action against Defendant for the tort of sexual harassment.

55. That as a direct and proximate result of being sexually harassed by the Defendant, Plaintiff has been damaged as more particularly hereinafter set forth and the Plaintiff is entitled to an award of actual and punitive damages as to this cause of action.

## X.    DAMAGES AND RELIEF REQUESTED

56. That any and all references heretofore in various causes of action as to damages are incorporated herein as if set forth word for word.

57. That as a direct and proximate result of the acts and omissions of the Defendant as more particularly set forth above, the Plaintiff has been made to undergo mental pain and anguish, anger and disappointment, worry, shock, humiliation, wounded feelings, shame, loss of reputation, pecuniary loss, loss of enjoyment of life, loss of employment opportunities, loss of earnings, loss of earning capacity, all of which are permanent in nature.

WHEREFORE, Plaintiff prays that this court grant the following relief and judgment, as to the Defendant:

a) As to the first cause of action, violation of Title VII of the Civil Rights of 1964:

   i. A declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights as secured under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), <u>et seq</u>.;

   ii. Back pay, reimbursement for lost benefits, and retroactive increases in accordance with proof, plus pre-judgment and post-judgment interest;

   iii. A permanent injunction enjoining the Defendant and all of those acting in concert with them and at their direction, from engaging in any employment practice or policy which discriminates against the Plaintiff on the basis of sex.

   iv. Actual (compensatory) damages in a sum in excess of $300,000 plus an award of punitive damages for the violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

   v. Attorney's fees, costs, and expert witness fees.

b) As to the second cause of action, intentional infliction of emotional distress and tort of outrage:

   i. Plaintiff prays for damages in an amount in excess of $300,000 plus an award of punitive damages, as proven at trial or otherwise.

c) As to the third cause of action, negligence:

   i. Plaintiff prays for damages in an amount in excess of $300,000 plus an award of punitive damages, as proven at trial or otherwise.

d) As to the fourth cause of action, failure to furnish a safe place to work:

  i. Plaintiff prays for damages in an amount in excess of $300,000 plus an award of punitive damages, as proven at trial or otherwise.

e) As to the fifth cause of action, sexual harassment/violation of public policy:

  i. Plaintiff prays for damages in an amount in excess of $300,000 plus an award of punitive damages, as proven at trial or otherwise.

f) Plaintiff prays for the costs and disbursement of this action.

g) For such other and further relief as this court might deem just and proper, including but not limited to, such other relief available to the Plaintiff as provided for by Title VII of the Civil Rights Act of 1964 and the laws of the State of South Carolina.

**LAW OFFICE OF DARYL G. HAWKINS, LLC**

By:   **s/Daryl G. Hawkins**
      Daryl G. Hawkins
      Fed Bar # 1781

1331 Elmwood Avenue, Suite 305
Columbia, SC 29201-2150
Email:  dgh@dghlaw.net
(803) 733-3531 Ofc
(803) 744-1949 Fax

August 3, 2015

By: **s/Eric C. Davis**
    Eric C. Davis
    Fed Bar #5872

Eric C. Davis, P.A.
528 12th Street
West Columbia, SC 29169
Email:  ecdesquire@sc.rr.com
(803) 939-1340 Ofc
(803) 939-1339 Fax

*Attorneys for Plaintiff*

Certification of Service

On this 3rd day of August, 2015, I caused the within document to be filed electronically and it is available for viewing and downloading from the ECF system to the registered participants and as identified on the Notice of Electronic Filing.

                                        s/Daryl G. Hawkins
                                        Daryl G. Hawkins, Fed Bar # 1781
                                        Law Office of Daryl G. Hawkins, LLC